# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GREGORY JAMES EDDINS,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | **Case No. 2:14-cv-00067-MHH-HGD** |
| ) | |
| **WARDEN CHERYL PRICE,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants** ) | |

## MEMORANDUM OPINION

On January 6, 2014, plaintiff Gregory James Eddins filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.  Mr. Eddins alleges that, during his incarceration at W. E. Donaldson Correctional Facility in Bessemer, Alabama, he has been deprived of rights, privileges, and immunities afforded him under the United States Constitution.  (Doc. 1).  On March 25, 2014, the magistrate judge ordered Mr. Eddins to amend his complaint to correct deficiencies (Doc. 9), and on April 14, 2014, Mr. Eddins filed an amended complaint (Doc. 10).

In the amended complaint, Mr. Eddins names as defendants Warden Cheryl Price, Warden Loyd Hicks, Dr. Roy Rodham, Director of Nursing Mrs. Claybourn, and Nurse Practitioner James Butler.  (Doc. 10, p. 3).  Mr. Eddins demands

declaratory, injunctive, and monetary relief for constitutional violations arising under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. (Doc. 10, pp. 4–5).

On December 5, 2014, the magistrate judge filed a report in which he recommended that the Court dismiss all claims against all defendants as frivolous and/or for failing to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1) and/or (2). (Doc. 12). On December 15, 2014 and December 16, 2014, Mr. Eddins filed objections to the report and recommendation and moved to file additional objections. (Docs. 13 & 14). Mr. Eddins's motion to submit additional objections is **GRANTED**. (Doc. 14).

## I.     Standard of Review

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes timely objections to a report and recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court examines each of Mr. Eddins's objections below.

## II.    Mr. Eddins's Objections

Mr. Eddins objects only to dismissal of his claims against Dr. Roy Rodham, Director of Nursing Mrs. Claybourn, and Nurse Practitioner James Butler. Mr. Eddins argues that the Court should allow him to pursue his claim that these defendants violated his Eighth Amendment constitutional right to adequate medical care for a diabetic condition. (Docs. 13 & 14). The magistrate judge recommended dismissal of this claim for failure to state a claim upon which relief may be granted. (Doc. 12, pp. 9–10).

In support of his argument that the Court should not dismiss his Eighth Amendment medical care claim against defendants Rodham, Claybourn, and Butler, Mr. Eddins points to an Alabama Court of Civil Appeals opinion in a state court civil case that Mr. Eddins pursued simultaneously with the present action. (Doc. 13, pp. 3–10; *Gregory James Eddins v. State of Alabama*, CR 2130769 (Ala. Civ. App. Aug. 1, 2014)). Contrary to Mr. Eddins's assertion, the state proceedings support the magistrate judge's recommendation of dismissal.

A.  **Mr. Eddins's State Court Case**

The Alabama Court of Civil Appeals considered Mr. Eddins's state action and held:

> In January 2014, Eddins filed a form "Petition for Relief from Conviction or Sentence," purportedly pursuant to Rule 32, Ala. R. Crim. P. In his verified petition, Eddins alleged that in September 2010, while he was incarcerated, laboratory tests indicated that he has diabetes. He also alleges that annual laboratory tests performed since

2010 support his claim that he is diabetic. Nonetheless, Eddins says, he is not being treated for diabetes, and, thus, he asserts, he runs the risk of going blind, losing a limb, going into a diabetic coma, or dying. Among the relief Eddins requested in his petition is an order directing the State of Alabama—presumably the DOC—to provide him with necessary or appropriate medical care to treat his diabetes. In other words, Eddins's action is actually a civil action alleging that the State has acted with deliberate indifference to his medical needs.

. . . .

Although Eddins's petition was written on a form intended for inmates to use in seeking Rule 32 relief from their convictions or sentences, the substance of the petition clearly alleges that the State improperly and intentionally denied him medical treatment. The trial court recognized the nature of Eddins's claim in its judgment of dismissal, in which it stated that, "[i]n his present Rule 32 petition Eddins complains that the medical treatment given him by the State is either inadequate or improper." . . . [T]he trial court should have treated Eddins's petition according to its substance rather than its caption; that is to say, it should have treated Eddins's petition as a complaint alleging deliberate indifference to Eddins's medical care.

. . . .

> "An inmate in a state penal institution has a constitutional right to adequate medical treatment. *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Fountain v. State*, 648 So. 2d 591 (Ala. Civ. App. 1994). This court has further held that "[a]n evidentiary hearing is warranted in order for the trial court to determine whether an inmate in a state penal institution is receiving adequate medical attention." *Fountain*, 648 So. 2d at 592 (citations omitted).

*Perry* [*v. Dep't of Corr.,*] 694 So. 2d [24,] 25 [(Ala. Civ. App. 1997)].

To the extent that Eddins's petition sought an order directing the State to provide him with adequate medical testing and treatment for his alleged diabetic condition, there is no question that Eddins

> would be entitled to the relief he sought if he is able to make the proper showing of proof. In other words, Eddins has stated a claim for which relief can be granted. Accordingly, the trial court erred in dismissing the action.
>
> In reaching this conclusion, this court is not expressing an opinion as to the substantive merits of Eddins's claim. We merely hold that, at this stage of the litigation, Eddins has alleged a set of circumstances that, if proved, would entitle him to the injunctive relief he seeks. We note that such relief would not affect Eddins's conviction or sentence.

*Eddins v. State*, 160 So. 3d 18, 19–21 (Ala. Civ. App. 2014).

The appellate court remanded the case to the Circuit Court of Madison County, Alabama. *Id.* at 21. Because this Court "may take judicial notice" of "state court proceedings," the Court has examined Mr. Eddins's state court case. *Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir. 1984) (citing *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976)); *see also* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

After remand, the trial court ordered the State of Alabama to respond to Mr. Eddins's state court claim. *State of Alabama v. Gregory James Eddins*, CC-2004-997.61, www.alacourt.com. On August 15, 2014, the State of Alabama filed a motion to dismiss pursuant to Rule 12(b)(6) of the Alabama Rules of Civil

Procedure. (*Id.*). The State asserted that Mr. Eddins had failed to state an Eighth Amendment medical care claim. (*Id.*). The State also argued that the Alabama Court of Civil Appeals's remand order was incorrect and moved to dismiss the case for lack of subject matter jurisdiction because the State of Alabama is immune from civil actions. (*Id.*).

On August 21, 2014, the trial court determined Mr. Eddins's case was a civil action for injunctive relief filed by a prisoner and, pursuant to the Alabama Prisoner Litigation Reform Act, transferred the case *sua sponte* to the Circuit Court of Jefferson County, Alabama, the county where Mr. Eddins is incarcerated. (*Id.*). The case again was dismissed as a state habeas petition. *State of Alabama v. Gregory James Eddins*, CC-2014-2167.60, www.alacourt.com. Mr. Eddins appealed, and on January 16, 2015, the Alabama Court of Civil Appeals reversed the trial court's decision a second time and remanded the case for further proceedings consistent with the appellate court's opinions. *Eddins v. State*, --- So. 3d ---, 2015 WL 232262, at *2 (Ala. Civ. App. Jan. 16, 2015). On the same date, the Circuit Court of Jefferson County, Alabama provided injunctive relief to Mr. Eddins. The court held:

> In comportment withe (sic) [the] finding of the Appellate Court that this Court has jurisdiction to rule in this matter, despite the form of the pleading, it is ordered, adjudged and decreed that the State of Alabama and or its applicable agents provide the Petitioner with

>  proper and adequate medical treatment and attention.  Therefore, the Petition for relief is hereby GRANTED.

*State of Alabama v. Gregory James Eddins*, CC-2014-2167.60, www.alacourt.com. Although the trial court granted the relief Mr. Eddins requested, the trial court took no evidence and made no factual findings regarding Mr. Eddins's claim.  Pursuant to Rule 4 of the Alabama Rules of Appellate Procedure, the parties had forty-two (42) days to file a Notice of Appeal from the trial court's January 16, 2015 judgment.  A Notice of Appeal was not filed.

## B.     The Effect of Mr. Eddins's State Court Case

### 1.     Official Capacity

To the extent Mr. Eddins sues defendants Rodham, Claybourn, and Butler in their official capacities and requests injunctive relief to compel treatment for his diabetes, the Court must consider the effect of the state court injunction.  "When [a federal court] consider[s] whether to give *res judicata* effect to a state court judgment, [it] must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation."  *Muhammad v. Secretary, Fla. Dep't of Corrections*, 739 F.3d 683, 688 (11th Cir. 2014) (quoting *Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1252 (11th Cir. 2009)) (internal quotation marks omitted).  In Alabama, "[t]he doctrine of *res judicata* bars subsequent claims that involve the 'identical parties, facts and subject matter litigated, or those

which could have been litigated, in an earlier lawsuit.'" *Higgins v. Henderson*, 551 So. 2d 1050, 1052 (Ala. 1989) (quoting *Chavers v. National Sec. Fire & Cas. Co.*, 456 So. 2d 293, 294 (Ala. 1984)). Stated differently,

> [t]he traditional *res judicata* case (frequently referred to as a claim preclusion) involves prior litigation between a plaintiff and a defendant, which is decided on the merits by a court of competent jurisdiction, and then a subsequent attempt by the prior plaintiff to relitigate the same cause of action against the same defendant, or perhaps to relitigate a different claim not previously litigated but which arises out of the same evidence. Alabama law is well settled that this will not be allowed. A valid, final judgment on the merits of the claim extinguishes the claim. If the plaintiff won, the claim is merged into the judgment; if the defendant won, the plaintiff is barred from relitigating any matter which could have been litigated in the prior action. *Lesley v. City of Montgomery*, supra; *Ozley v. Guthrie*, supra; *Wheeler v. First Alabama Bank of Birmingham*, supra; *McGruder v. B & L Construction, Inc.*, supra.

*Whisman v. Alabama Power Co.*, 512 So. 2d 78, 81 (Ala. 1987).

Mr. Eddins's state court action and this federal action involve the same parties. Although Mr. Eddins named only the State of Alabama as a defendant in the state action, "a government official sued in his or her official capacity is considered to be in privity with the government." *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n.7 (11th Cir. 2013). Therefore, to the extent Mr. Eddins sues W. E. Donaldson Correctional Facility employees Dr. Roy Rodham, Director of Nursing Mrs. Claybourn, and Nurse Practitioner James Butler

as defendants in their official capacities, the suit is against the State of Alabama, the same defendant named in Mr. Eddins's state court lawsuit.

Mr. Eddins's state and federal actions concern the same type of relief for the same alleged conduct. "'Section 1983 plaintiffs may sue official-capacity defendants only for injunctive relief.'" *Jones v. Buckner,* 963 F. Supp. 2d 1267, 1281 (N.D. Ala. 2013) (quoting *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011)). Mr. Eddins received a state court judgment granting him injunctive relief from alleged indifference to his diabetic condition.

Because the parties, facts, and subject matter litigated in the state court lawsuit are identical to the case before this Court with regard to Mr. Eddins's official capacity claims, the doctrine of *res judicata* precludes adjudication of those claims.

### 2.     Individual Capacity

"Section 1983 plaintiffs may sue individual-capacity defendants only for money damages . . . ." *Jones*, 963 F. Supp. 2d at 1281 (internal quotation marks omitted). Therefore, Mr. Eddins may seek compensatory and punitive damages from defendants Rodham, Clayborn, and Butler under § 1983. (Doc. 10, p. 4). "To prevail on a deliberate indifference to serious medical need claim, [Mr. Eddins] must show:  (1) a serious medical need; (2) the defendants' deliberate

indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Craig v. Floyd County, Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009)).

Mr. Eddins has failed to state an Eighth Amendment claim against defendants Rodham, Claybourn, and Butler for deliberate indifference to his serious medical needs. Mr. Eddins asserts that prison officials diagnosed him with diabetes in 2010 and that the defendants refuse to provide him adequate medical care for the condition. (Doc. 10, p. 3). Assuming that a diagnosis of diabetes constitutes a serious medical need, Mr. Eddins's claim still fails because he does not allege that he has ever experienced symptoms of illness, discomfort, or any other injury as a result of his untreated diabetes.

At best, Mr. Eddins assertion that, if left untreated, his diabetes could cause him to go blind, lose a limb, or die states a claim for potential future injury. (Doc. 10, p. 3). In light of the potentially severe consequences faced by Mr. Eddins, the state court ordered the State of Alabama to provide Mr. Eddins with appropriate medical care. However, because Mr. Eddins does not allege that any of the potential harms has materialized, his claim for compensatory and punitive damages is not ripe. *In re Jacks*, 642 F.3d 1323, 1332 (11th Cir. 2011) ("A claim is not ripe

when it is based on speculative possibilities."). In addition, the issuance of the state court injunction makes it unlikely that any of Mr. Eddins's claims for money damages will ever ripen. Mr. Eddins may not pursue a damages claim that is not ripe. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 598 n.2 (1992) (discussing "the settled requirement that the injury complained of be, if not actual, then at least *imminent*") (emphasis in original).

### III. Conclusion

Having carefully reviewed and considered *de novo* all the materials in the court record, including the report and recommendation and the objections thereto, the Court overrules Mr. Eddins's objections and **ACCEPTS** the magistrate judge's recommendation that the Court dismiss Mr. Eddins's claim. Accordingly, the complaint is due to be dismissed as frivolous and/or for failing to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1) and/or (2). The Court will enter a final judgment consistent with this memorandum opinion.

**DONE** and **ORDERED** this September 24, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE